FILED

**NOT FOR PUBLICATION**

SEP 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCIO REYES MAZON, | No. 09-70562 |
| Petitioner, | Agency No. A091-780-709 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Lucio Reyes Mazon, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for

cancellation of removal and adjustment of status. We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual determinations, *Hernandez v. Mukasey*, 345 F.3d 824, 843 (9th Cir. 2003) and we review de novo due process claims, *Cano Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petition for review.

We agree that Reyes Mazon has not met his burden to establish that he was the beneficiary of an approved visa petition; a requirement for his application for adjustment of status to proceed. *See* 8 U.S.C. § 1255(i)(B); *cf. Hernandez*, 345 F.3d at 843.

Contrary to Reyes Mazon's contention, the BIA properly concluded that the IJ did not violate due process by not informing Reyes Mazon of his eligibility for a Section 212(h) waiver, because the waiver was not applicable to the ground of inadmissibility with which Reyes Mazon was charged. *See* 8 U.S.C. § 1182(h); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (holding petitioner must demonstrate error and substantial prejudice to prevail on a due process claim).

Reyes Mazon does not challenge the agency's conclusion that he is statutorily ineligible to show good moral character so that contention is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED**.

09-70562